IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTAN MICHAEL HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-CV-282-WKW |
| | ) | [WO] |
| HORN CPA GROUP and TERRY L. | ) | |
| HORN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tristan Michael Hyde, an inmate in state custody in Florida, filed this action pursuant to 42 U.S.C. § 1983 against Dothan-based Horn CPA Group and Terry L. Horn.  Before the court is the Recommendation of the Magistrate Judge for the dismissal of this action.  (Doc. # 5.)  For the reasons to follow, the Recommendation will be adopted in part and held in abeyance in part.

Plaintiff alleges that in August 2023, he entered into an express agreement with Defendants for the preparation of his personal and company taxes for the years 2021, 2022, and 2023.  As part of this arrangement, Defendants allegedly instructed Plaintiff to itemize over 1,000 pages of financials and provide corresponding receipts.  However, several months later, when Plaintiff contacted Defendants requesting the financial records, they informed him that no services had been rendered and that they were not, in fact, his certified accountant.

Plaintiff brings his action under § 1983, which was docketed on May 13, 2024. The § 1983 claims allege federal due process violations stemming from Defendants' purported withholding of Plaintiff's financial records. Additionally, he brings claims for breach of contract and gross negligence by Defendants, citing § 34-1-12 of the Alabama Code.[1] Plaintiff requests the court to order Defendants to send all financial records and Internal Revenue Service forms to him and seeks punitive damages and costs. (Doc. # 1 at 6.)

Contemporaneously with the filing of the complaint, Plaintiff moved to proceed *in forma pauperis* (Doc. # 2), and the court granted the motion (Doc. # 4). Because Plaintiff is proceeding *in forma pauperis*, the Magistrate Judge reviewed his pleading as required by 28 U.S.C. § 1915(e)(2)(B). Under that statute, a complaint must be dismissed if it is frivolous or malicious or fails to state a claim on which relief may be granted. On August 23, 2024, the Magistrate Judge entered the Recommendation, finding that the complaint fails to state a § 1983 claim because Defendants, a private accounting firm and a certified public accountant, are not state

---

[1] This Alabama statute allows the state board of public accountancy to suspend, revoke, or refuse to renew accounting-related certificates and permits for reasons such as fraud, dishonesty, professional misconduct. *See* Ala. Code § 34-1-12(a); *see generally Waldrop v. Ala. State Bd. of Pub. Acct.*, 473 So. 2d 1064 (Ala. Civ. App. 1985) (discussing the Alabama circuit court's limited authority to review the Alabama State Board of Public Accountancy's revocation of a certified public accountant's license).

actors.  That ruling is correct, and it will be adopted as the court's findings and conclusion.

The Recommendation also recommends that the court decline supplemental jurisdiction over any state-law claims due to the dismissal of the § 1983 claims.  The Eleventh Circuit has explained that 28 U.S.C. § 1367 "reflects a dichotomy between a federal court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)."  *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (emphases omitted).  However, it would be premature to dismiss this action under § 1367(c) if there is an independent basis for subject matter jurisdiction over the state-law claims under 28 U.S.C. § 1332(a).  Under § 1332(a), diversity jurisdiction exists if Plaintiff and Defendants are "citizens of different States" and the amount in controversy exceeds $75,000.

Plaintiff's documentation suggests that Plaintiff is a Florida citizen and that Defendants are Alabama citizens, but that determination cannot be made on the current record.  (*See, e.g.,* Doc. # 1-3 at 2 & Doc. # 1-7 at 6, 9, listing Florida addresses for Plaintiff; Doc. # 1-4 at 2 (listing an Alabama address for Defendants).)  Plaintiff bears the burden of establishing jurisdiction.  *See Pappalardo v. Stevins*, No. 2:17-CV-346-FTM-99CM, 2017 WL 3088107, at *1 (M.D. Fla. July 20, 2017) ("[I]n an action filed directly in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction." (citing *King v. Cessna*

*Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007)).  Accordingly, Plaintiff will be given an opportunity to amend his complaint to sufficiently allege jurisdiction.[2] Plaintiff should be guided by the following principles.

Plaintiff and Defendant Terry L. Horn are individuals, and it appears that Defendant Horn CPA Group is an unincorporated association.  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  For unincorporated associations, a plaintiff must allege "the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010).

Based on the foregoing, it is ORDERED as follows:

(1)    The Recommendation (Doc. # 5) is adopted insofar as Plaintiff's 42 U.S.C. § 1983 claims are DISMISSED with prejudice prior to service of process for failure to state a claim on which relief may be granted;

(2)    The Recommendation is held in abeyance to the extent it recommends that the court decline supplemental jurisdiction over the state-law claims (Doc. # 5 at 4–5); and

---

[2] This Order espouses no opinion on the merits of the state-law claims.

(3)    Plaintiff is DIRECTED to file an amended complaint on or before **April 24, 2025**, that properly alleges subject matter jurisdiction under § 1332(a).  The amended complaint will supersede the original complaint; therefore, this case will proceed only against Defendants named and claims presented in the amended complaint.  The amended complaint must not include the § 1983 claims that have been dismissed by this Order.

DONE this 2nd day of April, 2025.

_____
    /s/ W. Keith Watkins
    UNITED STATES DISTRICT JUDGE