IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRISTAN MICHAEL HYDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-CV-282-WKW |
| ) | [WO] |
| TERRY L. HORN AND ) | |
| ASSOCIATES, LLC, d/b/a HORN ) | |
| CPA GROUP, and TERRY L. HORN, ) | |
| ) | |
| Defendants. ) | |

**MEMORADUM OPINION AND ORDER**

In a prior Order, the court adopted the Magistrate Judge's Recommendation that Plaintiff's complaint failed to state a 42 U.S.C. § 1983 claim upon which relief may be granted and dismissed the § 1983 claims. (Doc. # 8.) The Recommendation was held in abeyance as to its findings on the state-law claims to permit Plaintiff to amend his complaint and establish whether the court could exercise diversity jurisdiction over any state-law claims under 28 U.S.C. § 1332(a). (Doc. # 8 at 3–5.) Plaintiff thereafter filed an amended complaint (Doc. # 11); however, for the reasons to follow, it fails to allege an independent basis for subject matter jurisdiction under § 1332(a). Therefore, the Recommendation will be adopted in full, and supplemental jurisdiction over the state-law claims will be declined.

## I. Amended Complaint's Contentions and Claims

Plaintiff alleges that he "entered an express agreement" with Defendant[1] in August 2023 for the preparation of his personal and business tax returns for the years 2021, 2022, and 2023. (Doc. # 11 at 1.) He also asserts that in 2024, he asked Defendant to provide these financial records and "IRS 5-44 forms." (Doc. # 11 at 1.) However, Defendant responded in writing, stating that it had never provided services to Plaintiff or been employed as his accountant. (Doc. # 11 at 2.)

Plaintiff, claiming to be a Florida citizen, sues (1) Terry L. Horn and (2) Terry Horn and Associates, LLC, doing business as Horn CPA Group. Plaintiff alleges that Terry Horn & Associates, LLC, is "a registered foreign limited liability company with the Alabama Secretary of State," with its principal address in Georgia. (Doc. # 11 at 4.) He further contends that Terry L. Horn is a "citizen of Alabama." (Doc. # 11 at 4.)

The amended complaint brings claims for breach of contract and gross negligence. (Doc. # 11 at 5.) It seeks unspecified punitive damages and injunctive relief "directing the defendant to provide any and all financial record[s] & IRS 5-44 Forms in regards to the Plaintiff and his companies in the Defendant's possession," and any other "order deemed appropriate." (Doc. # 11 at 5.)

---

[1] Plaintiff refers to Defendant in the singular form, without specifying which one. Hence, this opinion uses the term "Defendant" also.

## II.  DISCUSSION

"Federal courts . . . are courts of limited jurisdiction."  *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (citation and internal quotation marks omitted).  "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity."  *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (citation omitted); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (The plaintiff has the burden to "affirmatively allege facts demonstrating the existence of jurisdiction.").  Diversity jurisdiction exists where a lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  "When a court conducts a facial review of a complaint to determine whether it has diversity jurisdiction, it must accept the plaintiff's factual allegations."  *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021).

**A.     Citizenship of the Parties:  The Requirement of Complete Diversity**

Plaintiff has failed to adequately allege complete diversity. "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).  Plaintiff and one Defendant are individuals, and the other Defendant is a limited liability company.

For an individual, "[r]esidence alone is not enough" to establish citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted). Rather, "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction," and "domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* (citations and internal quotation marks omitted). A limited liability company is a citizen of every state of which its members are citizens. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

For purposes of this analysis, it will be assumed that Plaintiff's allegations sufficiently establish his citizenship in Florida and the individual Defendant's citizenship in Alabama. (Doc. # 11 at 4.) However, Plaintiff has not adequately alleged the citizenship of Terry Horn and Associates, LLC. He has failed to identify the members of the LLC and allege the citizenship of each member. Without this information, the court cannot ascertain whether complete diversity exists between the parties. Merely alleging the state in which the LLC is registered and its principal address is insufficient, as these details do not reflect the citizenship of the individual members. (Doc. # 11 at 4.) While it is acknowledged that identifying the members of a defendant LLC sometimes can be a challenging task for a plaintiff, this is not the sole reason for the absence of diversity jurisdiction in this case.

B.   **Amount in Controversy**

Plaintiff also has failed to allege adequately the amount in controversy. Taking the complaint's "factual allegations as true, the court can dismiss only if it is convinced to a legal certainty that the claims of the plaintiff in question will not exceed $75,000." *McIntosh*, 5 F.4th at 1312 (citation and internal quotation marks omitted). However, where the plaintiff "pleads an unspecified amount of damages," he must establish "by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum." *Id.* (citation and internal quotation marks omitted). Here, Plaintiff seeks unspecified punitive damages, as well as injunctive relief. (Doc. # 11 at 5.)

1.   *Punitive Damages*

"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted).

Here, Plaintiff brings claims for breach of contract and gross negligence, presumably under Alabama law. (Doc. # 11 at 5.) Under Alabama law, punitive damages are not available for breach-of-contract claims. *See Exxon Mobil Corp. v. Ala. Dep't of Conservation & Nat. Res.*, 986 So. 2d 1093, 1117 (Ala. 2007) (recognizing the "prohibition against punitive damages for breach of contract, even

5

where the breach seems particularly egregious"); *Nolin v. Dismukes*, 554 So. 2d 1019, 1020 (Ala. 1989) ("A claim for breach of contract will not support an award of punitive damages."). Additionally, the Supreme Court of Alabama has stated that "[o]rdinarily the word 'gross,' when applied to negligence, imports nothing more than simple negligence, or a want of due care." *Ridgely Operating Co. v. White*, 150 So. 693, 695 (1933); *Tombigbee Elec. Coop., Inc. v. Shelton Energy Sols., LLC*, 2024 WL 4294647, at *19 (N.D. Ala. Sept. 25, 2024) (explaining that under Alabama law, gross negligence typically is viewed as simple negligence, with no significant distinction (collecting cases)). Punitive damages also "are not recoverable on negligence claims." *Synergies3 Tec Servs., LLC v. Corvo*, 319 So. 3d 1263, 1279 (Ala. 2020). Therefore, it is apparent to a legal certainty that punitive damages are not recoverable on Plaintiff's state-law claims and they cannot be included in calculating the amount in controversy.

Even if punitive damages were available, the facts alleged in the amended complaint do not demonstrate damages in the amount of $75,000 by a preponderance of the evidence. Plaintiff's claims arise from an alleged contract for tax preparation services over three years and refusal to provide documentation. Typically, the value of such services would be unlikely to approach the $75,000 threshold, and there are no allegations from which to presume otherwise. Additionally, Plaintiff has not specified any particular damages resulting from the breach, such as financial losses

or additional costs incurred due to Defendant's alleged refusal to fulfill the contract or turn over tax documentation. Without any allegations indicating the monetary value of the breach and negligence, Plaintiff has not shown that the amount in controversy exceeds the jurisdictional requirement.

### 2. *Injunctive Relief*

When a plaintiff seeks injunctive relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) (citation and internal quotation marks omitted). However, monetary value that is "too speculative and immeasurable" cannot satisfy the amount-in-controversy requirement. *Ericsson GE Mobile Commc'n, Inc. v. Motorola Commc'n & Elecs., Inc.*, 120 F.3d 216, 221–22 (11th Cir. 1997).

In the amended complaint, Plaintiff seeks injunctive relief to compel Defendant to provide all financial records and IRS 5-44 forms in Defendant's possession. However, Plaintiff has not provided any allegations demonstrating that these documents have a clear and ascertainable monetary value that would meet or exceed the $75,000 threshold. The request is speculative, as it does not specify how the information contained within these records or how obtaining the records would translate into a quantifiable monetary benefit to Plaintiff. Plaintiff's request for

injunctive relief lacks the necessary specificity and measurable value to satisfy the jurisdictional amount-in-controversy requirement.

### C.  Supplemental Jurisdiction

Based on the foregoing, Plaintiff has not shown that diversity jurisdiction exists over the state-law claims. The issue remains whether to retain supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). The Magistrate Judge recommended that the court decline to exercise supplemental jurisdiction over any alleged state-law claims. (Doc. # 5 at 4–5.) The court agrees with that recommendation.

Because all claims over which this court had original jurisdiction have been dismissed (*see* Docs. # 5, 8, 9), supplemental jurisdiction over the state-law claims in the amended complaint should be declined. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) ("In all those contexts [detailed in 28 U.S.C. § 1367(c)(1)–(3)], federal law is not where the real action is. So although supplemental jurisdiction persists, the district court need not exercise it:  Instead, the court may (and indeed, ordinarily should) kick the case to state court."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.");

*Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.").

## III.  CONCLUSION

Neither the complaint nor the amended complaint establishes an independent basis for subject matter jurisdiction over the state-law claims, and the court declines to retain supplemental jurisdiction over these claims.  Accordingly, it is ORDERED that the Recommendation (Doc. # 5) is adopted in full and that jurisdiction over the state-law claims is DECLINED, without prejudice to any right Plaintiff may have to present these claims to the state courts.  *See* 28 U.S.C. § 1367(c)(3)–(d).

Final judgment will be entered separately.

DONE this 18th day of September, 2025.

                                                /s/ W. Keith Watkins  
                                    UNITED STATES DISTRICT JUDGE